# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Catarino Torres Valenzuela,<br>Petitioner,<br>v.<br>Charles L. Ryan, *et al.*,<br>Respondents. | No. CV-17-01854-PHX-JJT (BSB)<br>**ORDER** |

Before the Court is the report and Recommendation ("R&R") (Doc. 14) submitted by United States Magistrate Judge Bridget S. Bade concluding that the Court should deny and dismiss with prejudice the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Petitioner timely filed an Objection to the R&R (Doc. 18), and Respondent timely filed a Reply to the Objection. (Doc. 19.) Having considered all of the filings, the Court will adopt the R&R in full and deny the Petition.

Judge Bade carefully considered each of Petitioner's arguments in an exhaustive 26-page R&R. She is correct that Petitioner did not fairly present Ground Two as a federal claim to the state court; thus that court did not have a fair opportunity to consider the ground and rectify it if necessary—a key purpose of Section 2254. Due process under state law—which Petitioner did present to the Arizona court—is not the same thing as due process in federal constitutional law. Because Petitioner is now time-barred from returning to state court to properly present the federal due process ground, among other procedural bars, and because he has failed to show cause or prejudice as set forth in *Coleman v. Thompson*, 501

U.S. 722, 750 (1991), his failure to raise the ground is not excused.

Judge Bade also correctly concluded that while properly exhausted before the state court, Petitioner's remaining grounds for relief fail on the merits. His Confrontation Clause argument in Ground One regarding the court interpreter fails. The state appellate court's conclusion that the trial court, in using a certified interpreter for all facets of the trial, did not violate the Constitution was not based on an unreasonable determination of fact and was not an unreasonable application of Supreme Court precedent.

Petitioner's ineffective assistance arguments in Grounds Three and Four also fail, as Judge Bade concluded. The state trial court held an evidentiary hearing on Petitioner's claim that counsel denied his request to testify (Ground Three), and concluded Petitioner's testimony at that hearing was not credible. The state court is entitled under law to make such a credibility determination, and upon review of the transcript of that hearing, the Arizona Court of Appeals affirmed the trial court's decision. Such was not an unreasonable determination of fact, nor contrary to or an unreasonable application of Supreme Court precedent. The state court also evaluated Petitioner's argument that trial counsel's failure to call certain witnesses constituted ineffective assistance (Ground Four), and denied post conviction relief on that argument, finding such decision to be sound trial strategy and not deficient performance. That a permissible conclusion on the facts of this matter per *Strickland v. Washington*, 466 U.S. 688 (1984).

Finally, Judge Bade properly concluded that Petitioner's claim of actual innocence (Ground Five) is unsupported by a sufficient showing. Judge Bade exhausts each of Petitioner's discrete arguments on this point, and the Court will not repeat them here.

Petitioner's Objection (Doc. 18) simply restates the law and attempts to re-argue points he previously already offered in his Petition. It does not refute any of the law the R&R sets forth as applicable, nor does it show any analytical errors in Judge Bade's application of the facts of the matter to that law.

IT IS ORDERED adopting the R&R in this matter (Doc. 14) and overruling the Objection thereto. (Doc. 18.)

1    IT IS FURTHER ORDERED denying and dismissing with prejudice the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed in forma pauperis on appeal, because 1) the dismissal of Ground Two is justified by a plain procedural bar, and reasonable jurists would not find that procedural ruling debatable; and 2) Petitioner has not substantially shown denial of a constitutional right with regard to the remaining grounds.

IT IS FURTHER ORDERED directing the Clerk of Court to terminate the matter.

Dated this 17th day of December, 2018.

Honorable John J. Tuchi
United States District Judge